UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH MITCHELL,                                   **AMENDED COMPLAINT**

                                          Plaintiff,          15 CV 7021 (MKB) (RLM)

                 -against-                          <u>Jury Trial Demanded</u>

CITY OF NEW YORK,
RICKY ALEXANDER, Individually, and
LEE MALDONADO, Individually,

                                         Defendants.

------------------------------------------------------------------------X

       Plaintiff JOSEPH MITCHELL, by his attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.       Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.       Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

       4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JOSEPH MITCHELL is a fifty-one-year old man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (the "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, RICKY ALEXANDER and LEE MALDONADO, were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.   On September 11, 2014, at approximately 3:20 p.m., plaintiff JOSEPH MITCHELL was a lawful passenger in the front passenger seat of a motor vehicle that was stopped by defendants RICKY ALEXANDER and LEE MALDONADO in the vicinity of 210 Van Name Avenue in Staten Island, New York.

13.   The operator of said vehicle immediately stopped the vehicle and one of the defendants approached the driver's door while the other defendant approached the passenger door.

14.   ALEXANDER and MALDONADO directed MITCHELL and the vehicle's driver to exit said vehicle. MITCHELL and the driver complied with the defendants' request, and the defendants searched MITCHELL and the driver.

15.   The defendant officer who searched MITCHELL recovered an automotive test light circuit tester ("circuit tester") from MITCHELL'S pants pocket. The circuit tester recovered from MITCHELL comprised of a handle probe shaped like a screwdriver which contained an indicator light. The indicator light is connected to an approximate three-foot-long lead wire which connects the handle probe to a spring clip. The circuit tester is an automotive tool used to determine if an automobile's electrical fuse is working properly.

16.   The defendant officer who searched MITCHELL took the circuit tester from MITCHELL'S pants' pocket and handcuffed him, purportedly arresting him for the felony charge of Criminal Possession of a Weapon notwithstanding the fact that the circuit tester

3

is not a *per se* weapon under New York law, and the lack of any evidence that MITCHELL possessed the circuit tester with the intent to use it unlawfully.

17. The defendants released the driver of said vehicle and did not charge him with any offense.

18. The defendants conspired to falsely allege in NYPD arrest documents and to the Richmond County District Attorney that MITCHELL was in possession of a "sharpened metal shank."

19. The defendants transported MITCHELL to the NYPD's 121st precinct station house and imprisoned him therein.

20. The defendants caused MITCHELL to remain imprisoned in the 121st precinct until NYPD officers transported MITCHELL to the NYPD's 120th precinct station house.

21. The defendants caused MITCHELL to remain imprisoned in the 120th precinct until the following day when NYPD officers transported MITCHELL to Richmond County Criminal Court where MITCHELL was held until his release at approximately 11:30 a.m. after spending approximately 20 hours in custody.

22. Defendant ALEXANDER falsely alleged in NYPD arrest documents and to the Richmond County District Attorney that MITCHELL was in possession of a "sharpened metal shank." This allegation is entirely false.

23. The Richmond County District Attorney declined prosecution of all charges against MITCHELL.

24. Defendants ALEXANDER and MALDONADO were both present at the

scene of MITCHELL'S arrest and directly participated in MITCHELL'S unreasonable search and false arrest.

25. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

26. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: manufacture false evidence against individuals in a conspiracy to justify their abuse of authority; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest individuals and engage in a practice of falsification in an attempt to justify the false

5

arrest.

27. In addition, in another civil rights action filed in this court involving false allegations by NYPD officers, United States District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

28. Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

29. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

6

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiff JOSEPH MITCHELL of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983
as to defendants ALEXANDER and MALDONADO)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants RICKY ALEXANDER and LEE MALDONADO arrested plaintiff JOSEPH MITCHELL without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39. Defendants caused plaintiff JOSEPH MITCHELL to be falsely arrested and unlawfully imprisoned.

40. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983
as to defendants ALEXANDER and LEE MALDONADO)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants RICKY ALEXANDER and LEE MALDONADO unreasonably searched plaintiff JOSEPH MITCHELL.

43. Defendants unreasonably searched plaintiff JOSEPH MITCHELL thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

44. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOSEPH MITCHELL'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to,

9

the acts and conduct complained of herein.

48. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

49. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff JOSEPH MITCHELL.

50. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH MITCHELL as alleged herein.

51. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSEPH MITCHELL as alleged herein.

52. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

JOSEPH MITCHELL was unlawfully arrested.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH MITCHELL'S constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiff JOSEPH MITCHELL of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment; and

    C. To be free from unreasonable search.

55. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## **Supplemental State Law Claims**

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the

11

presentation of such claim as aforesaid.

59. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

60. Plaintiff has complied with all conditions precedent to maintaining the instant action.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York
as to defendants ALEXANDER, MALDONADO and CITY OF NEW YORK)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants RICKY ALEXANDER and LEE MALDONADO arrested plaintiff JOSEPH MITCHELL without probable cause.

64. The defendants detained plaintiff against his will for an extended period of time and subjected him to physical restraints.

65. As a result of the aforementioned conduct, plaintiff JOSEPH MITCHELL was unlawfully imprisoned in violation of the laws of the State of New York.

66. As a result of the aforementioned conduct, plaintiff JOSEPH MITCHELL suffered physical injuries and mental anguish, together with embarrassment, humiliation, shock, fright, and loss of freedom.

67. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York
as to defendants ALEXANDER, MALDONADO, and CITY OF NEW YORK)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. As a result of the foregoing, plaintiff JOSEPH MITCHELL was placed in apprehension of imminent harmful and offensive bodily contact.

70. As a result of defendant's conduct, plaintiff JOSEPH MITCHELL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Battery under the laws of the State of New York
as to defendants ALEXANDER, MALDONADO, and CITY OF NEW YORK)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants RICKY ALEXANDER and LEE MALDONADO made offensive contact with plaintiff JOSEPH MITCHELL without privilege or consent.

74. As a result of defendants' conduct, plaintiff JOSEPH MITCHELL has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

75. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York as to defendant CITY OF NEW YORK)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEPH MITCHELL.

78. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

79. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York as to defendant CITY OF NEW YORK)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the false arrest of plaintiff JOSEPH MITCHELL.

82. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligence under the laws of the State of New York as to all defendants)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein.

85. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York as to defendant CITY OF NEW YORK)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Defendant CITY OF NEW YORK is vicariously liable for the acts its employees and agents, including but not limited to defendants RICKY ALEXANDER and LEE MALDONADO, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

88. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12 as to all defendants)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set

forth herein.

90. As a result of defendants' conduct, plaintiff JOSEPH MITCHELL was deprived of his right to security against unreasonable searches, seizures, and interceptions.

91. As a result of the foregoing, plaintiff JOSEPH MITCHELL is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOSEPH MITCHELL demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 16, 2016

        LEVENTHAL LAW GROUP, P.C.
        Attorneys for Plaintiff JOSEPH MITCHELL
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 556-9600

        By:   s/
             JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH MITCHELL,

                                Plaintiff,

                                                                    15 CV 7021
                                                                    (MKB)(RLM)

        -against-

CITY OF NEW YORK,
RICKY ALEXANDER, Individually, and
LEE MALDONADO, Individually,

                                Defendants.

------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600